# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARBURY LAW GROUP, PLLC,

   Plaintiff/Counter-Defendant,

    v.

BERNARD J. CARL,

   Defendant/Counter-Plaintiff.

Civil No. 09-1402 (CKK)

## MEMORANDUM OPINION
(July 27, 2010)

      Plaintiff/Counter-Defendant Marbury Law Group, PLLC, ("Marbury") filed the above-captioned action seeking to register a monetary judgment entered by the Fairfax County Circuit Court in favor of Marbury and against Defendant/Counter-Plaintiff Bernard J. Carl in the amount of $135,324.07, for legal fees and costs owed. Carl in turn filed a Counterclaim against Marbury, asserting claims for breach of contract, legal malpractice, and breach of fiduciary duty allegedly arising from Marbury's legal representation of Carl. Shortly thereafter, Marbury concluded, based upon subsequent research, that this Court was not the proper forum in which to register the Fairfax County Circuit Court judgment and therefore filed a motion to dismiss its own Complaint for lack of subject matter jurisdiction. Concurrent with that motion, Marbury also filed a motion to dismiss Carl's Counterclaim as barred by res judicata and for failure to state a claim. Carl failed to timely file a response to either motion. By Memorandum Opinion and Order dated December 3, 2009, the Court therefore granted as conceded Marbury's motions to dismiss and dismissed this action without prejudice.

This matter now comes before the Court on Carl's Motion to Reconsider and Vacate this Court's December 3, 2009 Order ("Motion for Reconsideration").  As set forth therein, Carl asks the Court to reconsider its final order dismissing this action without prejudice and granting Marbury's motions to dismiss as conceded.  Marbury has not directly opposed the Motion for Reconsideration, instead reiterating its substantive position that dismissal of this action is appropriate for the reasons asserted in its original motions to dismiss.  The Court has thoroughly considered the parties' briefing, the relevant case law, and the record of this case as a whole.  For the reasons set forth below, the Court shall GRANT Carl's [11] Motion for Reconsideration and shall therefore VACATE its December 3, 2009 Memorandum Opinion and Order granting Marbury's motions to dismiss as conceded.  Turning then to consider the substantive arguments raised by Marbury in its motions to dismiss, the Court agrees that it lacks jurisdiction to register the Fairfax County Circuit Court's judgment.  The Court therefore cannot and does not reach the merits of Marbury's substantive claim for enforcement of the Fairfax County Circuit Court's monetary judgment herein.  Rather, as this is the sole relief sought in Marbury's Complaint, the Court shall GRANT Marbury's [12] Motion to Dismiss its own Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  All that remains, then, is Carl's state-law claims as asserted in his Counterclaim.  However, the Court's jurisdiction to entertain such claims is unclear on the present record.  Although the pleadings indicate that Carl and Marbury have diversity of citizenship, Carl has failed to plead any amount in controversy.  Notwithstanding that neither party has directly raised this issue, the Court has an affirmative duty to ensure that it is acting within its jurisdictional authority.  It therefore shall HOLD IN

ABEYANCE Marbury's [13] Motion to Dismiss Carl's Counterclaim pending further briefing on and resolution of this threshold jurisdictional question.

## I. BACKGROUND

Marbury filed the Complaint in the above-captioned matter on July 28, 2009, seeking to enforce a monetary judgment entered by the Fairfax County Circuit Court in favor of Marbury and against Carl in the amount of $135,324.07, for unpaid legal fees and costs. *See* Complaint, Docket No. [1]. On October 15, 2009, Carl, representing himself *pro se*, filed an Answer and Counterclaim to Marbury's Complaint. *See* Ans. & Counterclaim, Docket Nos. [6] & [7]. As set forth therein, Carl asserts claims for breach of contract, legal malpractice, and breach of fiduciary duty against Marbury based upon Marbury's legal representation of Carl in two separate civil matters, which are the same legal actions that underlie Marbury's judgment for unpaid legal fees and costs. *See generally id.*

On November 2, 2009, Marbury filed a Motion to Dismiss its own Complaint for a lack of subject matter jurisdiction. *See* Pl.'s MTD Compl., Docket No. [12]. Marbury advised the Court that "[s]ubsequent research has caused counsel to conclude that while this Court must give full faith and credit to the judgment of the Circuit Court of Fairfax County, Virginia . . ., subject matter jurisdiction is lacking for this Court to register and enforce the judgment entered against Carl, which must be registered and enforced in the Superior Court for the District of Columbia." *See id.* at 1-2.[1] In addition, concurrent with the filing of the Motion to Dismiss its own Complaint,

---

[1] Pursuant to this conclusion, Marbury re-filed its complaint in the Superior Court for the District of Columbia on November 18, 2009. *See The Marbury Law Group, PLLC v. Carl*, 2009 CA 008631 F. The public docket in that case indicates that the monetary judgment was registered on that same day. *See id.*

Marbury also filed a Motion to Dismiss Defendant's Counterclaim based upon the principles of claim preclusion and res judicata and for failure to state a claim. *See* Pl.'s MTD Countercl., Docket No. [13].

On November 9, 2009, cognizant of Carl's *pro se* status, the Court issued an Order advising Carl that his responses to Marbury's motions to dismiss were due by no later than November 30, 2009, and that failure to timely respond would result in the Court treating the motions as conceded and dismissing the action in its entirety. *See* Nov. 9, 2009 Order, Docket No. [14]. On December 3, 2009, having received no response from Carl by the November 30, 2009 deadline, the Court granted Marbury's motions as conceded and dismissed the action without prejudice. *See* Dec. 3, 2009 Memorandum Opinion and Order, Docket Nos. [15] & [16].

On December 11, 2009, Carl filed the now-pending Motion for Reconsideration, *see* Mot. for Reconsideration, Docket No. [17], which he supplemented with additional filings on December 16, 2009, *see* Pl.'s Supp. Mem. in Support of Mot. for Reconsideration, Docket No. [20], and again on December 17, 2009, *see* Pl.'s Response to Court Order, Docket No. [21]. As set forth therein, Carl avers that he timely prepared a consolidated opposition to Marbury's motions, which he captioned "Memorandum in Response to Court's Order of November 9, 2009," and provided the filing to his administrative assistant on November 30, 2009, with instructions to file the original with the Clerk of this Court and to serve copies on Marbury by mail. *See* Pl.'s Response to Court Order, Ex. 1 (Declaration of Bernard J. Carl) ("Carl Decl."), ¶¶ 5-7. Carl's administrative assistant, Elizabeth Strom, confirms that she personally delivered a copy of Carl's filing to a professional courier service on November 30, 2009, for filing with this Court. *See* Pl.'s Mot. for Reconsideration, Ex. D (Declaration of Elizabeth Strom) ("Strom Decl."), ¶¶ 2-3. Strom further

asserts that she received confirmation that same day from the courier service that the document had been accepted for filing. *Id.* ¶ 4.[2] It has since become clear, however, that the courier service mistakenly delivered the pleading to the Superior Court for the District of Columbia rather than to this Court, a fact which Carl did not become aware of until after the Court had granted Marbury's motions as conceded. *See* Carl Decl. ¶¶ 16-22. Carl promptly filed the now-pending Motion for Reconsideration, with his proposed opposition briefing attached, and advised the Court of the filing error.

By Order dated December 15, 2009, the Court directed Marbury to file a response to Carl's Motion for Reconsideration by no later than January 4, 2010, and provided that Carl's reply, if any, was due by no later than January 14, 2010. *See* Dec. 15, 2009 Order, Docket No. [19]. Pursuant to that Order, Marbury timely filed its Response to Defendant's Motion for Reconsideration. *See* Docket No. [23]. As set forth therein, Marbury does not oppose Carl's request for reconsideration as it urges that dismissal of this action is appropriate even if the motions to dismiss are considered on their merits rather than as conceded. *See id.* at 1-2. Marbury has therefore filed replies in support of its motions to dismiss that respond to the substantive arguments raised in Marbury's opposition attached to his Motion for Reconsideration. *See id.*, Att. 1 (Pl.'s Reply Mem. in Support of MTD Def.'s Countercl.); *see also* Reply Mem. in Support of MTD Compl., Docket No. [22]. Carl has since filed a Reply in Support of his Motion for Reconsideration. S*ee* Docket No. [24]. Briefing on the Motion for Reconsideration as well as on

---

[2] Strom has also confirmed that she mailed copies of the document to Marbury at the addresses reflected on the certificate of service, *id.* ¶ 5, and Marbury has acknowledged that it received the filing by first-class mail on December 1, 2009, *see* Pl.'s Resp. to Def.'s Mot. for Reconsideration, Docket No. [23], at 1.

5

Marbury's Motion to Dismiss its own Complaint and Motion to Dismiss Defendant's Counterclaim is now complete.

Notwithstanding this fact, on January 13, 2010, Carl filed a Memorandum in Response to Plaintiff's Reply Memorandum in Support of Motion for Voluntary Dismissal of Complaint. *See* Docket No. [25], (hereinafter, "Def.'s Surreply to Pl.'s MTD Compl."). Although captioned a "Memorandum in Response," the filing is properly characterized as a surreply. It is well established that before a party may file surreply, he must move the Court for leave to file. *Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68, n. 3 (D.D.C. 2001). In addition, a surreply is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion. *Id.* In this case, Carl did not seek prior leave of the Court to file the surreply, and it is readily apparent upon review that the submission is not limited to new arguments raised by Marbury in Reply but rather addresses arguments already discussed by the parties. As such, Carl's [25] Memorandum in Response to Plaintiff's Reply Memorandum in Support of Motion for Voluntary Dismissal of Complaint shall be STRICKEN from the record in this case.

## II. LEGAL STANDARDS AND DISCUSSION

*A.  Motion for Reconsideration of Court's December 3, 2009 Order*

Carl moves this Court to reconsider and vacate its December 3, 2009 decision dismissing this action without prejudice. Courts treat such motions for reconsideration as a Federal Rule of Civil Procedure 59(e) motion if filed within 28 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter. *See United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (internal quotations omitted). In this case, Carl's Motion was filed on December 11, 2009,

only eight days after the challenged Order was issued on December 3, 2009. Accordingly, the Motion is properly construed as a motion to alter or amend a judgment pursuant to Rule 59(e). It is well established that "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). The undisputed evidence in this case indicates that: Carl timely prepared and attempted to file an opposition to Marbury's motions to dismiss on November 30, 2009, as required; the opposition was mistakenly delivered to the Superior Court of the District Columbia through no apparent fault of Carl's; Carl sought to remedy this error as soon as it came to his attention; and Marbury does not oppose Carl's request for reconsideration. Accordingly, the Court finds, in its discretion, that reconsideration of its prior December 3, 2009 Memorandum Opinion and Order is necessary in order to prevent a manifest injustice and shall therefore GRANT Carl's [11] Motion for Reconsideration and VACATE its December 3, 2009 Memorandum Opinion and Order granting Marbury's motions to dismiss as conceded. As the parties have fully briefed Marbury's motions to dismiss, the Court shall turn next to consider Marbury's [12] Motion to Dismiss its own Complaint and [13] Motion to Dismiss Carl's Counterclaim.

  B. *Marbury's Complaint Must be Dismissed for Lack of Subject Matter Jurisdiction*

Marbury initially filed suit seeking to enforce a monetary judgment entered by the Fairfax County Circuit Court in favor of Marbury and against Carl in the amount of $135,324.07, for unpaid legal fees and costs. *See* Compl. As Marbury now acknowledges, this Court lacks jurisdiction to enforce state court judgments. *Atkinson v. Kestell*, 954 F. Supp. 14, 15, n. 2

7

(D.D.C. 1997) ("State court judgments cannot be registered in this Court."). While Congress has provided that "a judgment in an action for recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district," 28 U.S.C. § 1963, "'[n]othing in the language of section 1963 grants authority to a district court to register judgments of any [other] courts,'" *Atkinson*, 954 F. Supp. at 15, n. 2 (quoting *Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994)); *see also Euro-American Coal Trading, Inc. v James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 707 (E.D. Ky. 2006) ("The Court finds that, in this case, the requirements for subject matter jurisdiction are not met because the registration procedures set forth by federal statute prohibit a federal district court from registering and subsequently enforcing a state court judgment in the manner sought by the Complaint."); *W.S. Frey Co., Inc. v. Precipitation Assocs. of America, Inc.*, 899 F. Supp. 1527, 1528 (W.D. Va. 1995) ("the only judgments that can be registered under [28 U.S.C. § 1963] are judgments from other courts of the United States"); *Dearborn St. Bldg. Assocs. LLC v. D&T Land Holdings, LLC*, Civ. Act. No. 07-1056, 2008 WL 2397660, * 4 (W.D. Mich. Jun. 9, 2008) ("§ 1963 does not provide for the registration of a state court judgment for execution in a federal district court"). Accordingly, Marbury's Complaint must be dismissed for lack of subject matter jurisdiction. The Court therefore GRANTS Marbury's [12] Motion to Dismiss its own Complaint pursuant to Rule 12(b)(1).[3] In so doing, the Court emphasizes that it does not reach the merits of Marbury's

---

[3] Marbury's Motion identified both Federal Rule of Civil Procedure 12(b)(1) as well as Federal Rule of Civil Procedure 41(a)(2) as bases for dismissal of the Complaint. Because the Court lacks subject matter jurisdiction over this claim, it must dismiss the Complaint pursuant to Rule 12(b)(1). The Court therefore has not relied upon Rule 41(a)(2), which governs voluntary dismissal of an action by the plaintiff without prejudice. In particular, while Rule 41(a)(2)

substantive claim for enforcement of the Fairfax County Circuit Court's monetary judgment herein.

### C. The Court's Jurisdiction to Entertain Carl's Counterclaim is Not Clear

The Court is therefore left with only Carl's Counterclaim. As noted above, the Counterclaim asserts state-law claims for breach of contract, legal malpractice, and breach of fiduciary duty. *See generally* Countercl. The Court's jurisdiction to entertain his state-law claims is unclear on the present record. Although neither party has challenged the Court's jurisdiction over Carl's Counterclaim, "as a court of limited jurisdiction, a federal district court has an 'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.'" *Nikbin v. Islamic Rep. of Iran*, 471 F. Supp. 2d 53, 58 (D.D.C. 2007) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)). In this case, Carl has alleged that this Court has diversity jurisdiction to entertain the claims pursuant to 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). Countercl. ¶ 3. While it appears from the face of the Counterclaim that diversity of citizenship exists, with Marbury a resident of the Commonwealth of Virginia and Carl a resident of the District of Columbia, no amount of controversy is alleged in the Counterclaim. *See generally id.* Indeed, no specific damages are pled anywhere in the Counterclaim.

---

provides that a complaint with a pending counterclaim may be voluntarily dismissed only if the opposing party consents or it is shown that "the counterclaim can remain pending for independent adjudication," where the Court finds — as here — that it lacks subject matter jurisdiction over the complaint, dismissal is mandatory regardless of whether the opposing party consents or there is an independent basis for jurisdiction over the pending counterclaim.

It is clear that there is no federal question jurisdiction in this case. Similarly, because the Court lacked original jurisdiction over Plaintiff's Complaint, it also lacks supplemental jurisdiction over Carl's state-law claims. *See Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 351 (D.C. Cir. 1997) ("If the District Court had original jurisdiction, but dismissed for non-jurisdictional reasons, then it could maintain supplemental jurisdiction at its discretion. If it dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction."). Absent a showing that this Court has diversity jurisdiction over Carl's Counterclaim, his state-law claims must be dismissed for lack of subject matter jurisdiction. The Court shall therefore HOLD IN ABEYANCE consideration of Marbury's [13] Motion to Dismiss Carl's Counterclaim pending further briefing on and resolution of this threshold jurisdictional question.

Accordingly, the parties shall comply with the following schedule. First, to the extent Carl continues to maintain that this Court has diversity jurisdiction over his Counterclaim, he must file a response by no later than **August 31, 2010**, demonstrating that this Court has diversity jurisdiction to entertain the state-law claims asserted in his Counterclaim. The Court advises Carl that failure to timely file a response by that date shall result in dismissal of his Counterclaim without prejudice for lack of subject matter jurisdiction. Second, Marbury's response on the issue of this Court's jurisdiction over Carl's Counterclaim shall be due by no later than **September 17, 2010**. Third and finally, Carl's reply, if any, shall be due by no later than **October 1, 2010**. Once such briefing is complete and the Court has determined whether it has diversity jurisdiction over Carl's claims, the Court shall revisit Marbury's [13] Motion to Dismiss the Counterclaim in the event it concludes diversity jurisdiction exists.

## III.  CONCLUSION

For the reasons set forth above, the Court shall STRIKE Carl's [25] Memorandum in Response to Plaintiff's Reply Memorandum in Support of Motion for Voluntary Dismissal of Complaint Court from the record in this case.  In addition, the Court shall GRANT Carl's [11] Motion for Reconsideration and shall therefore VACATE its December 3, 2009 Memorandum Opinion and Order granting Marbury's motions to dismiss as conceded and dismissing this case without prejudice.  Nonetheless, because this Court lacks jurisdiction over Plaintiff's Complaint, the Court shall GRANT Marbury's [12] Motion to Dismiss its own Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and therefore does not reach the merits of Marbury's request to register the Fairfax County Circuit Court's monetary judgment against Carl.  The Court, however, shall HOLD IN ABEYANCE Marbury's [13] Motion to Dismiss Carl's Counterclaim pending further briefing on and resolution of the threshold question of this Court's jurisdiction over Carl's state-law claims.  Accordingly, the parties shall abide by the following schedule: Carl's response with respect to the Court's jurisdiction over his Counterclaim is due by no later than **August 31, 2010**; Marbury's response is be due by no later than **September 17, 2010**; and Carl's reply, if any, is due by no later than **October 1, 2010**.  Carl is advised that failure to timely file a response, as required, shall result in dismissal of his Counterclaim without prejudice for lack of subject matter jurisdiction.

Date: July 27, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge