UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The Marbury Law Group PLLC | ) | |
| 11800 Sunrise Valley Drive | ) | |
| Suite 1000 | ) | |
| Reston, VA 20191, | ) | |
|     Plaintiff | ) | Case: 1:09-cv-01402 |
| v. | ) | |
| | ) | Assigned to Kollar-Kotelly, Colleen |
| Bernard J. Carl | ) | |
| 2340 Wyoming Avenue NW | ) | |
| Washington DC 20008, | ) | |
|     Defendant. | ) | |

## DECLARATION OF BERNARD J. CARL IN SUPPORT OF COUNTER-PLAINTIFF'S SUPPORTING MEMORANDUM

Bernard J Carl, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Counter-Plaintiff in this lawsuit.

2. I respectfully submit this affidavit in support of my Supporting Memorandum of December 22, 2010.

3. This affidavit is based upon my personal knowledge.

4. Because *Marbury* had threatened to file suit in Virginia, in April 2009, I asked a Virginia lawyer, who was already representing me on another matter, also to represent me in the *Marbury* matter.

5. Counsel first billed me for services rendered on the *Marbury* matter ("review of ... Marbury answer") on April 24, 2009.

RECEIVED
DEC 23 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

6. I was served with the *Marbury* Complaint on or about April 27, 2009.

7. Based on my communications with counsel, I was under the impression that, as an out-of-state defendant, I would have at least 90 days to answer *Marbury's* complaint – or until the end of June 2009 at the earliest.

8. By early May 2009, I had already turned the *Marbury* Complaint, a draft answer and supporting documents over to counsel.

9. On or about May 9, 2009, I paid counsel fees totaling $8,730 for various matters including his work on the *Marbury* claim.

10. In late June 2009, while I was in the UK, I got a communication from counsel saying that he wanted an additional $10,000 payment for work on the *Marbury* matter. I promptly sent him a check in that amount.

11. After counsel cashed this $10,000 check, he sent me an email saying that a default had been entered against me by the Fairfax County Circuit Court on May 29, 2009 in the amount of $135,000. I was also advised that the time for seeking to vacate the default had passed and so had the time to file an appeal.

12. Two days later, counsel resigned from all his work for me.

13. The detailed timeline of the above-described events was as follows:

   a. I retained counsel to work, *inter alia*, on the *Marbury* matter in April 2009;

   b. A copy of a <u>draft</u> answer to the *Marbury* claim was sent to *Marbury* on or about April 15, 2009;

   c. The *Marbury* Complaint was served (by service on the Secretary of State) on April 22, 2009;

d. Counsel first billed me for working on the *Marbury* answer on April 24, 2009;

e. The *Marbury* Complaint was served on me by delivery to a household employee at my home on April 27, 2009;

f. A default was sought against me on May 22, 2009;

g. A default judgment was granted against me on May 29, 2009;

h. The period for seeking to vacate the default judgment entered against me (21 days) expired on June 20, 2009;

i. I received counsel's demand for a $10,000 additional payment on or about June 26, 2009;

j. A check for $10,000 was sent to counsel (from London) on June 27, 2009;

k. The period for appeal of the entry of the default judgment (30 days from entry) expired on June 29, 2009;

l. My $10,000 check was presented for payment on or about July 6, 2009;

m. My $10,000 check was debited to my bank account on July 8, 2009;

n. Counsel informed me of the default judgment entered against me in an email I received on July 9, 2009;

o. Counsel withdrew from all representation on my behalf on or about July 9, 2009; and

p. Counsel refunded a portion of the fees he had received from me by check dated July 10, 2009.

14. Attached is a true and correct copy of the motion to vacate the default judgment I filed with the Fairfax County Circuit Court.

_____
Bernard J. Carl

_____
Date: December 23, 2010