| | |
|---|---|
| **MARBURY LAW GROUP, PLLC**, *Plaintiff/Counter-Defendant*, v. **BERNARD J. CARL**, *Defendant/Counter-Plaintiff*. | Civil Action No. 09-01402 (CKK) |

# MEMORANDUM OPINION
(August 1, 2011)

Before this action began, Plaintiff/Counter-Defendant Marbury Law Group, PLLC ("Marbury") brought suit against Defendant/Counter-Plaintiff Bernard J. Carl ("Carl") in the Fairfax County Circuit Court of the Commonwealth of Virginia seeking to collect unpaid fees for the legal services that it provided to Carl while representing him in connection with two legal actions. When Carl failed to defend against the Virginia action, the Fairfax County Circuit Court entered a default judgment against him. Shortly thereafter, Marbury commenced this action with the aim of registering the default judgment with this Court. Carl appeared *pro se*,[1] answered the [1] Complaint, and asserted a handful of counterclaims against Marbury.

Subsequently, Marbury realized that this Court lacked jurisdiction to register the default judgment entered by the Fairfax County Circuit Court and moved this Court to dismiss the Complaint. The Court did so, which left only Carl's counterclaims against Marbury as live

---

[1] Although Carl is proceeding in this action *pro se*, he is an experienced attorney and is therefore presumed to have knowledge of the legal system. *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009). As a result, he is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation. *Baird v. Snowbarger*, 744 F. Supp. 2d 279, 286 (D.D.C. 2010).

claims in this action. Thereafter, with the Court's leave, Carl filed a [33] First Amended Counterclaim, in which he narrowed his claims against Marbury to three counterclaims sounding in legal malpractice and breach of fiduciary duty, all of which challenge, in one way or another, the adequacy of Marbury's legal representation of him in connection with the same two legal actions that underlay Marbury's action to collect unpaid fees in the Fairfax County Circuit Court. Now, those three counterclaims are the only claims that remain at issue in this action.

There are presently two motions pending before the Court: Marbury's [35] Motion for Summary Judgment and Carl's [45] Motion for Relief Under Rule 60(b). In the first motion, Marbury seeks the dismissal of Carl's First Amended Counterclaim, contending that Carl's three counterclaims (a) could have and should have been raised in the action before the Fairfax County Circuit Court and are accordingly barred by the doctrine of *res judicata*, and (b) fail on the merits. In the second motion, Carl petitions this Court for relief from the default judgment entered by the Fairfax County Circuit Court, contending more or less that his failure to defend against the Virginia action was the product of excusable neglect.

Both motions will be denied. Marbury's Motion for Summary Judgment fails to fully account for two important principles that circumscribe the reach of the preclusive effect of the default judgment entered by the Fairfax County Circuit Court—specifically, (a) the general rule that a party failing to assert a permissive counterclaim in a prior action ordinarily will not be barred from bringing a future suit on that claim, and (b) all counterclaims are permissive under Virginia law. Marbury's alternative contention that Carl's counterclaims fail on merits will not be considered because Marbury has failed to comply with the procedural requirements for presenting a motion for summary judgment in this Court. Finally, Carl's Motion for Relief

2

Under Rule 60(b) is fundamentally infirm, as Rule 60(b) does not provide a vehicle for seeking relief from a state-court judgment.

## I. BACKGROUND

On March 6, 2009, Marbury brought suit against Carl in the Fairfax County Circuit Court (the "Virginia action"), seeking to collect unpaid fees for the legal services that it provided to Carl in connection with two legal actions. *See* Compl., ECF No. [1], ¶ 5; Answer, ECF No. [6], ¶ 5. On April 15, 2009, though he was yet to be formally served with a copy of the complaint in the Virginia action, Carl sent Marbury a draft pleading in which he responded to the allegations raised in the complaint and stated counterclaims against Marbury for breach of contract and legal malpractice. *See* Decl. of John F. Mardula in Supp. of Counter-Def.'s Mot. for Summ. J. ("Mardula Decl."), ECF No. [35-1], ¶ 2 & Ex. A; Compl. ¶ 5; Answer ¶ 5. Despite having sent Marbury this draft and being on notice of the pendency of the Virginia action, Carl never actually filed that document—or, for that matter, any other responsive pleading—with the Fairfax County Circuit Court. *See* Decl. of Bernard J. Carl in Supp. of Counter-Pl.'s Resp. to Counter-Def.'s Mot. for Summ. J. ("Carl Decl."), ECF No. [40], ¶¶ 110-11; Mardula Decl. ¶ 2. On May 29, 2009, the Fairfax County Circuit Court entered a default judgment in Marbury's favor, awarding Marbury (a) damages in the amount of $134,133.42, (b) post-judgment interest at the rate of 6% *per annum* from May 14, 2009, and (c) $262.00 in costs. *See* Order of J. as to Def. Bernard J. Carl, *Marbury Law Grp., PLLC v. Carl*, Civ. Action No. 2009-3375 (Va. Cir. Ct. May 29, 2009).

Carl did not appeal the default judgment. *See* Carl Decl. ¶¶ 118-19, 121-22. Much later, Carl filed a motion with the Fairfax County Circuit Court seeking to have the default judgment set aside. *See id.* ¶¶ 116, 121-22. On February 12, 2010, Carl's motion was denied. *See* Order,

*Marbury Law Grp., PLLC v. Carl*, Civ. Action No. 2009-3375 (Va. Cir. Ct. Feb. 12, 2010). Carl did not appeal that decision either. *See* Carl Decl. ¶ 122; Mardula Decl. ¶ 21. To date, Carl has not made any attempt to satisfy the default judgment. *See* Compl. ¶ 9; Answer ¶ 9.

On July 29, 2009, Marbury commenced this action, seeking to register the default judgment with this Court. On October 15, 2009, Carl filed a responsive pleading, answering the allegations in the Complaint and asserting a total of seven counterclaims sounding in breach of contract, breach of fiduciary duty, and legal malpractice.

On November 2, 2009, Marbury filed a motion to dismiss its own Complaint for lack of subject matter jurisdiction, representing that "[s]ubsequent research [] caused counsel to conclude that . . . subject matter jurisdiction is lacking for this Court to register and enforce the judgment entered against Carl." Counter-Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. [12-1], at 1-2. Contemporaneously, Marbury moved this Court to dismiss Carl's counterclaims, contending that Carl's claims were either barred by the doctrine of *res judicata* or failed to state a claim for relief. *See* Counter-Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. [13-1]. On December 3, 2009, having received no response from Carl, the Court granted both motions as conceded and dismissed the entire action without prejudice. *See* Order (Dec. 3, 2009), ECF No. [15]; Mem. Op. (Dec. 3, 2009), ECF No. [16].

However, on July 27, 2010, upon Carl's motion, the Court reconsidered and vacated its prior dismissal order. *See* Order (July 27, 2010), ECF No. [28]; Mem. Op (July 27, 2010), ECF No. [29]. Then, reaching the merits of the motions, the Court dismissed Marbury's Complaint for lack of subject matter jurisdiction, but held-in-abeyance Marbury's motion to dismiss Carl's counterclaims pending further briefing on the threshold question of whether the Court retained

4

jurisdiction over those claims. *See* Order (July 27, 2010); Mem. Op (July 27, 2010). On September 9, 2010, upon consideration of the parties' supplemental briefing, the Court agreed with the parties that it retains jurisdiction over Carl's counterclaims in light of the diversity of citizenship between the parties and the amount in controversy. *See* Order (Sept. 9, 2010), ECF No. [32]. On that same date, the Court further granted Carl leave to file amended counterclaims and denied Marbury's motion to dismiss Carl's counterclaims without prejudice, with leave to re-file after tailoring the motion to speak to Carl's amended counterclaims. *See id.*

On September 9, 2010, Carl filed his First Amended Counterclaim, in which he narrowed his claims against Marbury to a total of three counterclaims—two sounding in legal malpractice and a third sounding in breach of fiduciary duty. *See* First Am. Countercl., ECF No. [33]. Each of Carl's three counterclaims challenge, in one way or another, the adequacy of Marbury's legal representation of his interests in connection with two legal actions: (a) a civil action in the United States District Court for the Eastern District of Virginia captioned *Carl v. BernardJCarl.com*, Civ. Action No. 07-1128 (E.D. Va.), which the parties refer to in shorthand as the "website case"; and (b) a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Virginia captioned *In re Logan*, Case No. 07-12564 (Bankr. E.D. Va.), which the parties refer to as the "bankruptcy case," the "Logan bankruptcy case," or the "Kedleston matter." In his First Counterclaim, Carl claims that Marbury committed legal malpractice in connection with the website case by failing to pursue legal rights on his behalf, failing to undertake necessary legal research, and failing to meet minimum professional standards for legal representation. *See* First Am. Countercl. ¶¶ 67-69. In his Second Counterclaim, Carl claims that Marbury committed legal malpractice in connection with the bankruptcy case by failing to be

5

adequately prepared for discovery, failing to undertake necessary legal research, failing to file timely motions, and failing to meet minimum professional standards for legal representation. *See id.* ¶¶ 73-79. In his Third Counterclaim,[2] Carl claims that Marbury breached its fiduciary duty to him in connection with the bankruptcy case by failing to be adequately prepared for discovery, failing to undertake necessary legal research, failing to file timely motions, and failing to meet minimum professional standards for legal representation. *See id.* ¶¶ 80-86.[3]

On October 1, 2010, Marbury filed the pending Motion for Summary Judgment, in which Marbury argues that Carl's counterclaims should be dismissed because they are barred by the doctrine of *res judicata* and fail on the merits. *See* Marbury's Mem. in Supp. of Mot. for Summ. J. ("Marbury's MSJ Mem."), ECF No. [35]. On October 21, 2010, Carl filed an opposition. *See* Carl's Resp. to Marbury's Mot. for Summ. J., ECF No. [40]. On November 23, 2010, Marbury filed its reply. *See* Marbury's Reply to Carl's Opp'n to Marbury's Mot. for Summ. J. ("Marbury's MSJ Reply"), ECF No. [42]. The motion is therefore fully briefed and ripe for adjudication.

On December 23, 2010, Carl filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the default judgment entered by the Fairfax County Circuit Court. *See* Carl's Mem. in Supp. of Mot. for Relief Under Rule 60(b), ECF No. [45]. On January 6, 2011, Marbury filed an opposition. *See* Marbury's Opp'n to Carl's Mot. for Relief

---

[2] Carl's Third Counterclaim is erroneously labeled as "Seventh Counterclaim."

[3] Identifying the precise contours of Carl's counterclaims is not necessary for resolving the motions now pending before the Court, and the Court's statement of Carl's counterclaims should not be construed as anything more than a summary. In his First Amended Complaint, Carl sets forth specific allegations describing in greater detail just how Marbury allegedly failed to discharge its responsibilities in connection with the website case and the bankruptcy case.

Under Rule 60(b), ECF No. [46].  On January 13, 2011, Carl filed his reply.  *See* Carl's Reply to Marbury's Opp'n to Mot. for Relief Under Rule 60(b), ECF No. [47].  The motion is therefore fully briefed and ripe for adjudication.

## II.  LEGAL STANDARDS

### *A.*     *Motions for Summary Judgment Under Rule 56(a)*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] . . . is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact, and therefore "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant.  *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute.  Fed. R. Civ. P. 56(c)(1).  Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).  Moreover, where "a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor.  *Liberty Lobby*, 477 U.S. at 255.  If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate.  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009).  In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-52.  In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted," *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

  **B.**  ***Motions for Post-Judgment Relief Under Rule 60(b)***

Rule 60(b) permits a federal district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds.  Fed. R. Civ. P. 60(b).  The Rule is "intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'"  *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S.

927 (1970)). Rule 60(b) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used," *Good Luck*, 636 F.2d at 577.

### III. DISCUSSION

The Court will begin by addressing Marbury's [35] Motion for Summary Judgment. *See infra* Part III.A. Thereafter, the Court will address Carl's [45] Motion for Relief Under Rule 60(b). *See infra* Part III.B. For the reasons set forth below, both motions will be denied.

#### A. *Marbury's Motion for Summary Judgment*

In its [35] Motion for Summary Judgment, Marbury seeks dismissal of Carl's [33] First Amended Counterclaim in its entirety. Marbury offers two lines of argument in support of dismissal. First, Marbury contends that Carl's three counterclaims could have and should have been raised by Carl in the Virginia action and are accordingly barred by *res judicata*. *See* Marbury's MSJ Mem. at 5-10; Marbury's MSJ Reply at 2-4. Second, Marbury contends in the alternative that Carl's three counterclaims fail on the merits. *See* Marbury's MSJ Mem. at 10-15; Marbury's MSJ Reply at 4-5. The Court addresses each line of argument in turn.

##### 1. **Marbury Has Failed To Establish That the Doctrine of *Res Judicata* Precludes Carl From Pursuing His Counterclaims in this Action**

Federal courts must accord "full faith and credit" to the judgments of state courts, 28 U.S.C. § 1738, a command that means state-court judgments must be given "the same preclusive effect as would [be given by] the issuing court," *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)—in this case, the Fairfax County Circuit Court.[4] Accordingly,

---

[4] Virginia's Circuit Courts are trial courts with broad general jurisdiction. *See generally* VA. CODE ANN. § 17.1-513.

the question of whether the default judgment entered by the Fairfax County Circuit Court bars Carl from pursuing his counterclaims in this action turns on the reach of *res judicata* under Virginia law. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 n.3 (7th Cir. 2011).

Under Virginia law, the doctrine of *res judicata* "precludes parties from relitigating a cause of action when a valid final judgment has been entered on the matter." *Wright v. Eckhardt*, 591 S.E.2d 668, 670 (Va. 2004) (citing *Scales v. Lewis*, 541 S.E.2d 899, 901 (Va. 2001)). "[F]our elements must be present before *res judicata* may be asserted to bar a subsequent proceeding: '(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made.'" *Balbir Brar Assocs., Inc. v. Consol. Trading & Servs. Corp.*, 477 S.E.2d 743, 746 (Va. 1996) (quoting *Smith v. Ware*, 421 S.E.2d 444, 445 (Va. 1992)). Because *res judicata* is an affirmative defense, its proponent bears the burden of establishing its application to the case at hand by a preponderance of the evidence. *Scales*, 541 S.E.2d at 901. For the reasons set forth below, Marbury has failed to discharge this burden.

In support of its Motion for Summary Judgment, Marbury argues that Carl's three counterclaims, which together challenge the adequacy of Marbury's legal representation of Carl in connection with the website case and the bankruptcy case, could have and should have been raised in the Virginia action, in which Marbury successfully secured a default judgment against Carl for unpaid legal fees for services rendered in connection with the website case and the bankruptcy case. From this foundation, Marbury posits that Carl's counterclaims in this action arise out of the same "definable factual transaction" that was at issue in the Virginia action— namely, "the accumulation of outstanding legal fees from the legal services Marbury provided to

Carl in the [] matters it handled for him." Marbury's MSJ Mem. at 8. Marbury concludes that allowing Carl to pursue his counterclaims in this action would effectively condone impermissible "claim splitting." *Id.* at 6. The Court finds the argument unpersuasive.

True, Marbury's argument has some superficial appeal. It is often said that the doctrine of *res judicata* is intended to prevent not just the relitigation of claims actually raised and decided in a prior action, but also the litigation of "claim[s] that *could have been* brought in conjunction with a prior claim." *Martin-Bangura v. Va. Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (emphasis added). For this reason, the doctrine will generally preclude a future action based on a claim that properly belonged to the subject matter of a prior action, and which the parties, by the exercise of reasonable diligence, might have raised at the time. *Williams v. Commonwealth*, 706 S.E.2d 530, 540 (Va. Cir. Ct. 2011) (citing *Smith v. Holland*, 98 S.E. 676, 676 (Va. 1919)). Stated in more concrete terms, Virginia law prohibits a second action raising a "claim or cause of action that arises from [the] same conduct, transaction or occurrence" at issue in a prior lawsuit, regardless of "whether or not the legal theory or rights asserted in the . . . subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended." VA. SUP. CT. R. 1:6(a).

There is, however, an important limitation to these principles. Under Virginia law, the general rule is that "the failure to assert a counterclaim does *not* bar a later action on the counterclaim." *Winchester Neurological Consultants, Inc. v. Landrio*, 2008 WL 5521828, at *7 (Va. Cir. Ct. Jan. 30, 2008) (emphasis added; citing Restatement (Second) of Judgments § 22 (1980)). That is, where a party "may interpose a claim as a counterclaim," but fails to do so, that party ordinarily will not be "precluded from subsequently maintaining an action on that claim."

11

Restatement (Second) of Judgments § 22(1); *see, e.g.*, *Aldridge v. Lexington Tower Assocs.*, 1982 WL 215308, at *6 (Va. Cir. Ct. Dec. 7, 1982) (subsequent action not barred even though plaintiff could have "injected the issue" into prior litigation through permissive counterclaim). In this case, it is undisputed that Carl never filed a counterclaim in the Virginia action—indeed, it is precisely because Carl never appeared in the Virginia action that the Fairfax County Circuit Court entered a default judgment against him and in Marbury's favor.[5] Therefore, if the general rule applies in this case, Carl cannot be barred from now pursuing his counterclaims on the basis that he failed to raise them in the Virginia action.

But that is not the end of the matter. There are two widely recognized exceptions to the general rule—that is, the rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim. The first exception—what the Court will refer to as the "compulsory counterclaim exception"—provides that a party generally *will* be precluded from bringing a future suit on a claim that could have been asserted in a prior action if "[t]he counterclaim [was] required to be interposed by a compulsory statute or rule of court." Restatement (Second) of Judgments § 22(2)(a). The second exception—what the Court will refer to as the "nullification exception"—provides that a party *will* be precluded from bringing a future suit on a claim that could have been asserted in a prior action if "[t]he relationship between the counterclaim and the plaintiff's claim [in the prior action] is such that [the] successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." Restatement (Second) of Judgments § 22(2)(b). Marbury has

---

[5] That Carl may have contemplated filing counterclaims in the Virginia action does not change the fact that he never actually did.

failed to show that either exception should be applied in this case.

The first exception—the compulsory counterclaim exception—clearly has no bearing in this case. Indeed, while this exception is the more expansive of the two in many jurisdictions, it is essentially irrelevant when the prior action was litigated in the Virginia courts. The reason is simple—in Virginia, the decision of whether or not to plead a counterclaim is left to the defendant's discretion. *See* VA. SUP. CT. R. 3:9(a); VA. CODE ANN. § 16.1-88.01. In other words, there is no such thing as a compulsory counterclaim in Virginia civil practice. *See Gray Diversified Asset Mgmt., Inc. v. Canellis*, 2008 WL 8201357, at *2 (Va. Cir. Ct. Oct. 7, 2008); *Tyler v. Berger*, 2005 WL 2596164, at *3 n.7 (W.D. Va. Oct. 13, 2005); *see also Davis v. Marshall Homes, Inc.*, 576 S.E.2d 504, 511 (Va. 2003) (Kinser, J., dissenting) (observing that the absence of a compulsory counterclaim rule in Virginia circumscribes the reach of *res judicata*). Accordingly, Carl was not required to raise his counterclaims in the Virginia action and his failure to do so does not take this case outside the general rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim.

The second exception—the nullification exception—also has no bearing in this case. Under this narrow exception, even a permissive counterclaim can be barred if allowing the "counterclaim to go forward would nullify the earlier judgment or impair rights established in the earlier action." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 492 (D.C. Cir. 2009) (applying District of Columbia law). The most obvious impermissible attack on a prior action will occur where a party seeks to enjoin the prior judgment or requests declaratory relief calling into question the essential validity of the judgment, *see Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1102 (10th Cir. 2007) (applying Oklahoma

13

law), but courts have quite sensibly recognized that there can be no bright-line test or talismanic formula for identifying cases falling within the exception, *see Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'Ship*, 655 A.2d 1265, 1279 (Md. 1995) (applying Maryland law). While the precise reach of the nullification exception is unclear, this much is evident: the exception is a narrow one, generally applied only where allowing a party to prosecute a subsequent action would "directly contradict" the judgment entered in the prior action, *Hawkins v. Citicorp Credit Servs., Inc.*, 665 F. Supp. 2d 518, 526 (D. Md. 2009) (applying Maryland law), *aff'd*, 405 F. App'x 789 (4th Cir. 2010), *cert. denied*, __ U.S. __, 129 S. Ct. 2933 (2011), or "render[] totally meaningless" the remedy obtained, *Puerto Rico Mar. Shipping Auth. v. Fed. Mar. Comm'n*, 75 F.3d 63, 67 (1st Cir. 1996) (applying federal law). In this case, Marbury has failed to show that allowing Carl to pursue his counterclaims in this action would directly contradict, render meaningless, or otherwise fundamentally conflict with the default judgment entered in the Virginia action.

Marbury gives this issue remarkably short shrift in its moving papers. It argues, in conclusory fashion and with no meaningful explanation, that allowing Carl to pursue his counterclaims in this action "would nullify the initial judgment or impair rights established in the initial action."[6] Marbury's MSJ Mem. at 9. The only token specificity provided by Marbury relates to Carl's First Counterclaim, which Marbury construes as claiming that "in effect [Carl]

---

[6] By using these terms of art, Marbury clearly was aware of the general rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim. However, the Court notes that Marbury never bothered to bring the general rule to the Court's attention in its moving papers. Instead, Marbury crafted its arguments to gloss over the general rule entirely, and then hedged by including language tracking one of the two widely recognized exceptions to the general rule. While the Court will not belabor the point, Marbury's chosen approach is, to put it generously, disingenuous.

was overcharged" in connection with the website case.[7] *Id.* Were this an accurate portrayal of Carl's First Counterclaim, Marbury's argument might merit further consideration since it would suggest that Carl is seeking to recoup the very same fees in this action that he is required to pay pursuant to the default judgment in the Virginia action. Marbury, however, has radically misconstrued Carl's First Counterclaim, which is nothing more than a garden-variety legal malpractice claim. Through his First Counterclaim, Carl is not claiming that he was overcharged in connection with the website case; rather, he is claiming that Marbury committed a series of negligent acts in its handling of the website case and that he suffered damages as a result of that negligence. *See* First Am. Countercl. ¶¶ 67-69. Afforded a fair construction, there is nothing inherently inconsistent between the relief sought by Carl in his First Counterclaim and the default judgment entered in the Virginia action. The mere possibility that money may change hands in one action and again in another is insufficient to conclude that the latter nullifies the former. *See Int'l Ambassador Programs, Inc. v. Archexpo*, 68 F.3d 337, 341 (9th Cir. 1995), *cert. denied*, 517 U.S. 1167 (1996).

More broadly, the relationship between Carl's counterclaims in this action and the nature

---

[7] Elsewhere, Marbury twice recites the mantra that allowing Carl to pursue his counterclaims in this action would nullify the judgment rendered in the Virginia action, *see* Marbury's MSJ Mem. at 10, but the totality of its argument in this regard is that Carl's counterclaims arise out of the same "definable factual transaction" at issue in the Virginia action. Even assuming that is true, a party is not barred from maintaining a subsequent action based on its failure to assert a counterclaim in a prior action wherever there is factual overlap between the two actions. Indeed, to accept such a formulation would vitiate the general rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim and would, in effect, create a common-law compulsory counterclaim rule. As set forth above, either the counterclaim must have been compulsory in the prior action or allowing the prosecution of the claim in the subsequent action must risk nullifying the prior judgment or impairing the relief obtained thereunder. Marbury has fallen woefully short of establishing that these conditions are met in this case.

of Marbury's action before the Fairfax County Circuit Court presents no inherent conflict that would permit the Court to conclude that allowing Carl to pursue his counterclaims in this action would directly contradict or render meaningless the default judgment in the Virginia action. Marbury commenced the Virginia action to recover unpaid fees. Carl did not and was not required to assert a counterclaim, nor did he interpose a defense that put the adequacy of Marbury's legal services at issue. The Fairfax County Circuit Court entered a default judgment because Carl never appeared and the adequacy of Marbury's legal services was an issue that was never raised, litigated, or decided on the merits.

Coincidentally, this factual pattern is virtually identical to the hypothetical used in the Restatement (Second) of Judgments to illustrate the general rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim:

> A, a physician, brings an action against B for the price of medical services rendered to B. B fails to plead and judgment by default is given against him. B is not precluded from subsequently maintaining an action against A for malpractice relating to the services sued upon in the prior action.

Restatement (Second) of Judgments § 22 cmt c., illus. 2. Consistent with the Restatement approach, the Supreme Court of Virginia has held in the collateral estoppel context that a prior judgment in favor of a professional in an action to collect fees does *not* operate as a bar against a later professional malpractice action by the client where the defendant, like Carl, never filed a counterclaim or asserted a defense that put the professional's alleged negligence at issue in the prior action. *See Snead v. Bendigo*, 397 S.E.2d 849, 851 (Va. 1990); *see also Rowland v. Harrison*, 577 A.2d 51, 57-58 (Md. 1990) (holding that the plaintiff's professional malpractice suit was not barred by a prior litigation in which the defendant sought payment for professional

16

services rendered; applying Maryland law).[8]

Ultimately, *res judicata* is an affirmative defense, and Marbury bears the burden of establishing its applicability. Simply put, based on the record before the Court and the arguments tendered by the parties, the Court can only conclude that this case falls within the general rule that a party failing to assert a counterclaim in a prior action will not be barred from bringing a future suit on that claim. There is no basis to conclude that either the compulsory counterclaim exception or the nullification exception applies in this case. Accordingly, the Court will deny Marbury's Motion for Summary Judgment insofar as it seeks dismissal of Carl's counterclaims based on the doctrine of *res judicata*.

### 2. The Court Will Not Consider Marbury's Contention That Carl's Counterclaims Fail on the Merits

In the alternative, Marbury contends that Carl's counterclaims must fail on the merits, tendering a series of fact-based arguments as to why Carl cannot establish a genuine dispute of material fact requiring trial on his claims for legal malpractice and breach of fiduciary duty. These arguments are disjointed and cursory. More importantly, this Court strictly adheres to the dictates of Local Civil Rule 7(h), which requires a party submitting a motion for summary

---

[8] A separate and distinguishable line of authorities addresses the relationship between attorney fee awards in federal bankruptcy proceedings and subsequent claims for malpractice. In that situation, because the bankruptcy court is generally required by statute to consider "the nature, the extent, and the value of such services" when evaluating a fee application, 11 U.S.C. § 330(a)(3)(A), a bankruptcy court makes an implied finding of the quality and value of the professional services rendered. Therefore, courts have been more willing in that context to conclude that a subsequent malpractice action would nullify the earlier determination. *See Grausz v. Englander*, 321 F.3d 467, 473-74 (4th Cir. 2003); *In re Iannochino*, 242 F.3d 36, 42-43 (1st Cir. 2001); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 390-91 (5th Cir. 2000); *but see Weiner v. Fort*, 197 F. App'x 261, 264-65 (4th Cir. 2006) (concluding that *res judicata* did not bar a subsequent suit for malpractice where the bankruptcy court "had no need to consider any facts pertaining to the nature, quality, or extent of [] services.").

judgment to submit a statement of material facts as to which that party contends there is no genuine dispute, but Marbury has made no attempt—none—to comply with this requirement. This well-reasoned requirement "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996). Marbury's failure to discharge its burden in this case is especially troubling because Marbury repeatedly faults Carl for "attempt[ing] to distract [the] Court from deciding the legal issue by raising countless arguments and questionable facts" and "flood[ing] the Court with questionable facts." Marbury's MSJ Reply at 2, 4. "Judges 'are not like pigs, hunting for truffles buried in briefs' or the record," *Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)), and the Court declines Marbury's invitation to sift through the record in the absence of a proper statement of material facts required under the Local Rules of this Court. Accordingly, the Court will deny Marbury's Motion for Summary Judgment insofar as it seeks dismissal of Carl's counterclaims on the merits.[9]

---

[9] Even if Marbury had complied with the applicable procedural rules, the Court would be disinclined to rule on Marbury's fact-based arguments before the parties have had the opportunity to engage in discovery. Ordinarily, "[s]ummary judgment . . . is proper only after the plaintiff has been given adequate time for discovery." *Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) (internal quotation marks omitted). Given that Marbury's merits-based arguments are fact-intensive, Carl is entitled to a "reasonable opportunity" to conduct discovery before he is asked to respond. *Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1088 (D.C. Cir. 2005).

### B. Carl's Motion for Relief Under Rule 60(b)

In his [45] Motion for Relief Under Rule 60(b), Carl petitions this Court for relief from the default judgment entered by the Fairfax County Circuit Court, contending principally that his failure to defend against the Virginia action was the product of excusable neglect. The motion merits little attention. Rule 60(b) permits a federal district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. However, Rule 60(b) "presupposes the existence of a prior federal court judgment, order, or proceeding," 12-60 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.60 (3d ed. 1999), and does not provide a vehicle for seeking relief from the final decision of a state court, *Williams v. Apker*, __ F. Supp. 2d __, No. 10 Civ. 522 (RMU), 2011 WL 1118497, at *3 (D.D.C. Mar. 18, 2011).[10] Furthermore, except in limited circumstances not present here, a Rule 60(b) motion must be brought in the court that rendered the challenged judgment. *See W. Shoshone Nat'l Council v. United States*, 357 F. Supp. 2d 172, 175 (D.D.C. 2004); *Secs & Exch. Comm'n v. Gellas*, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 901 (2d Cir. 1999); *Goodwin v. Home Buying Inv. Co., Inc.*, 352 F. Supp. 413, 416 (D.D.C. 1973). For these reasons, Carl's Motion for Relief Under Rule 60(b) will be denied.

### IV. CONCLUSION

The Court has considered the remaining arguments tendered by the parties and has concluded that they are without merit. Therefore, and for the reasons stated above, the Court will deny Marbury's [35] Motion for Summary Judgment and Carl's [45] Motion for Relief Under

---

[10] The exception to this rule, applicable in actions that have been removed from state court, has no bearing here. *See Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963).

Rule 60(b).  The Court will also set an Initial Scheduling Conference to discuss further proceedings in this action.  An appropriate Order accompanies this Memorandum Opinion.

Date:   August 1, 2011

>                             /s/
> **COLLEEN KOLLAR-KOTELLY**
> United States District Judge